Hall, J.
Where suit was brought against a manufacturing and mining company on certain notes given by its superintendent, and it was claimed that he had authority to make them under, the charter and a letter of attorney from the president, it was the duty of the court to construe both the charter and letter of attorney, and if they did not authorize the making of the notes, the grant of a non-suit was right. Taking these alone, and without proof of other circumstances to which it might be necessary to resort to clear ambiguities or explain doubtful intention, there was nothing for the jury to find.
*229 (a) The agents of a corporation must observe all the formalities which are required by the charter of the company to be observed in ■corporate transactions; and if they act in a manner not authorized by the company’s charter, their acts will not be binding. Thus where the charter of a company requires a contract of a particular description to be signed by certain officers, or approvéd in a certain manner, no agent can bind the company by a contract of that description, unless it was executed in the manner prescribed. Mor. Corp., §61; Ang. ■& Ames Corp., 291; 1 Dan. Neg. Inst., §387 and cit.; 31 Ga., 376.
(b) In this case it will not avail the plaintifí that the company held out the party with whom he contracted as an agent to bind it, for he knew, or is presumed to have' known, its powers under the chártér, •and he swore that he had seen the paper under which this agent acted before he would advance money for the company.
. (c) One section of the charter of a corporation was as follows: “That said body corporate shall be known by the name of the Etowah Manufacturing and Mining Company, by which name it shall sue and be sued, and do and perform whatever it is by this act authorized to do, •and all instruments in writing and contracts, under seal or otherwise, and all deeds to and from said body corporate, shall be signed or executed or signed and executed through and with such officer or agent as said body corporate shall appoint and direct.” Another section of the acl&of incorporation gave to the body corporatb the power, amorig other things, “to make and execute contracts, promissory notes, bonds and other obligations, under seal and not under seal, and with - or without their corporate seal,” and declared that all of these should bind the .property and interests of the corporation, and also the private property of any member thereof in proportion to the amount of his stock. The president appointed a general superintendent “with full power to do anything that you may consider necessary for the disposal or protection •of the property
Held, that such superintendent was not empowered to make promissory notes which would bind the corporation. Acts 1855-6, p. 452.
(d) The power of an agent to make such contracts is not generally to be implied; but it might necessarily be implied where the corporation carried on a banking business or dealt, in money, loans, discounts, ■exchange, etc.
(e) There being no evidence that the money for which the notes were given was received by the company or used in carrying out the agency of the superintendent, a trial on common counts for money had and received would be useless. ■
2. It is unnecessary to consider the other questions made, as they *230 could not change the result; but no error appears in the rulings of the court.
M. R. Stansell; McCutchen & Shumate; John D. Cunningham, for plaintiffs in error.
John W. Akin; Jackson & King, for defendant.
Judgment affirmed.